UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAWN R. HENKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1209 HEA |
| ) | |
| SHARON K. GAJEWSKI, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Determine Amount of Medical Expenses to be Admitted into Evidence Pursuant to Missouri Revised Statute 490.715, [Doc. No. 14]. Plaintiff has submitted a response to the motion, to which Defendant has replied. For the reasons set forth below, the Motion is denied, without prejudice.

Defendant moves for an Order from this Court determining the amount of medical expenses to be admitted into evidence pursuant to Missouri Revised Statute 490.715. This statute provides, in pertinent part,:

> (1) Parties may introduce evidence of the value of the medical treatment rendered to a party that was reasonable, necessary, and a proximate result of the negligence of any party.
>
> (2) In determining the value of the medical treatment rendered, there shall be a rebuttable presumption that the dollar amount necessary to satisfy the financial obligation to the health care provider represents the

> value of the medical treatment rendered. Upon motion of any party, the court may determine, outside the hearing of the jury, the value of the medical treatment rendered based upon additional evidence, including but not limited to:
>
> (a) The medical bills incurred by a party;
>
> (b) The amount actually paid for medical treatment rendered to a party;
>
> (c) The amount or estimate of the amount of medical bills not paid which such party is obligated to pay to any entity in the event of a recovery.

Defendant argues that various adjustments have been made to certain bills, thereby reducing the total amount of medical expenses and that this reduced amount should be the amount of the total amount of medical expenses to be admitted into evidence. Plaintiff disagrees, arguing that there has not been a release from third party insurance carriers relieving her of any obligation to reimburse said insurance carrier for payment of the medical bills related to this case. Defendant counters this argument by urging that 490.715 provides that for the rebuttable presumption that the amount actually paid represents the true value of the services, and that Plaintiff has not provided any evidence to rebut the presumption, *i.e.* that Plaintiff will be responsible for any contractual adjustments made to said bills.

From the copies of the bills presented by Defendant demonstrating the amount of medical expenses billed to Plaintiff and adjusted for reasons unknown at this time, it appears that insurance carriers have paid certain bills and adjustments to

certain charges have been made, (perhaps based on the usual and customary charges for certain services). At this stage of the proceeding, however, the Court is unable to ascertain whether those adjusted amounts are the result of certain contracts the insurance carriers have with the medical providers. If the adjusted amounts are the result of certain contracts, the adjustments may not apply in the event that it is determined that these insurance carriers are entitled to reimbursement of the amounts paid. Thus, the medical providers may seek reimbursement of the entire amount of the charge, without the adjustment. In this scenario, the Court is required, pursuant to 490.715 to consider the amount or estimate of the amount of medical bills not paid which such party is obligated to pay to any entity in the event of a recovery. 490.715(2)(c). This amount may include the adjustment to the bills. The determination of the amount of medical expenses is therefore not yet ripe for the Court's determination since the record is unclear as to Plaintiff's obligation to reimburse the insurance carriers and in what amounts.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Determine Amount of Medical Expenses to be Admitted into Evidence Pursuant to Missouri Revised Statute 490.715, [Doc. No. 14], is denied, without prejudice to refiling upon a more

fully developed record.

Dated this 15th day of July, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE